UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTONIEL TYLER PENNINGS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>　　　　　　　　　　Respondent. | Case No.: 15cv1836-CAB-BGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 19] AND DENYING PETITION** |

　　　Otoniel Tyler Pennings ("Petitioner"), is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] This matter was referred to United States Magistrate Judge Bernard G. Skomal pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Skomal issued a Report and Recommendation ("Report") recommending the Court deny the petition. [Doc. No. 19.] Petitioner filed objections to the Report. [Doc. No. 20.]

　　　Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

# BACKGROUND

## I. Factual Background

The Report contains an accurate recital of the facts as determined by the California Court of Appeal, and the Court fully adopts the Report's statement of facts. As Judge Skomal correctly noted, the Court presumes state court findings of fact to be correct.

## II. State Procedural Background

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

## III. Federal Procedural Background

On August 17, 2015, Petitioner filed a Petition for Writ of Habeas Corpus challenging his San Diego County Superior Court conviction. [Doc. No. 1.] On December 9, 2015, Respondent filed an Answer to the Petition, and lodged portions of the state court record. [Doc. Nos. 8 and 9.] On April 13, 2016, Petitioner filed a Traverse. [Doc. No. 16.]

On February 2, 2017, Magistrate Judge Bernard G. Skomal issued a Report recommending that the petition be denied. [Doc. No. 19.] On February 27, 2017, Petitioner filed an Objection to the Report. [Doc. No. 20.] In his objection, Petitioner argues that the magistrate judge erred in finding that the state court did not make an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence. Petitioner also requests an evidentiary hearing. Because Petitioner has objected to the Report in its entirety, the Court reviews the Report *de novo*. 28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

# DISCUSSION

## I.   Legal Standard

The Report sets forth the correct standard of review for a petition for writ of habeas corpus. Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), habeas relief is not available due to a state court's "unreasonable determination of the facts" unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable).

**II. Petitioner's Request for an Evidentiary Hearing**

In his Petition, Petitioner requests an evidentiary hearing. Section 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir.1999). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

As the magistrate judge correctly noted, it does not appear that Petitioner developed the factual basis of the claims in state court or requested an evidentiary hearing in state court. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law."). Moreover, there is a sufficient factual basis in the record to resolve Petitioner's claims. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 669-670 (9th Cir. 2005). Finally, the magistrate judge correctly deferred to the state court findings of fact. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct" and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."). Petitioner does not challenge the accuracy of any particular facts as set forth by the appellate court or explain what facts he would seek to develop at a hearing. The Court therefore **DENIES** Petitioner's request for an evidentiary hearing.

### III. Analysis of Petitioner's Claims

Petitioner raises four claims in his Petition, all based on the denial of continuances of his criminal trial: (1) Denial of Sixth Amendment right to counsel [Doc. No. 1 at 6]; (2) Due Process violation based on lack of time to prepare [Doc. No. 1 at 7]; (3) Due Process violation based on denial of continuance motions [Doc. No. 1 at 8]; and (4) Due Process violation by Court of Appeal for assumptions made [Doc. No. 1 at 9].

A. Claim One: Sixth Amendment right to counsel.

Petitioner argues that the trial court abused its judicial discretion by granting a *Faretta* motion on the eve of trial but denying any reasonable continuances even though

it was evident Petitioner needed more time to prepare. [Doc. No. 1 at 6; Doc. No. 16 at 1-4.]  As Judge Skomal correctly noted, Petitioner's right to counsel was not violated by being allowed to proceed without counsel, especially after being advised of all of the risks by the trial court.  [Doc. No. 19 at 10-11.]  Judge Skomal also correctly noted that Petitioner's arguments regarding needing more time to prepare had been addressed by the trial court and reasonably denied.  [Doc. No. 19 at 5-6.]  In his objections, Petitioner states that his claim is not based on not being granted a reasonable continuance.  [Doc. No. 20 at 5.]  Rather, his "claim is based on not having been afforded his 'pro per privileges.'" *Id.*  However, as noted by the state appellate court, the trial court made a reasonable inquiry into what discovery Petitioner needed, ordered the prosecutor to provide the discovery, and granted a two-day continuance so Petitioner could review it.  [Lod. 5 at 8-10.]  The state appellate court concluded that, under the circumstances, a two-day continuance was reasonable.  *Id.*  The state appellate court's determination was reasonable.  Accordingly, the Court adopts the Report and denies the petition as to this claim.

    B. Claims Two and Three:  Due Process Violation -- lack of time to prepare and denial of continuance motions

    Similarly, in Claims Two and Three, Petitioner argues that he did not have enough time to conduct discovery and prepare for trial, and this was a violation of his due process rights. [Doc. No. 1 at 6-8.]  As Judge Skomal correctly noted, the Court of Appeal's decision was not contrary to or an unreasonable application of clearly established federal law because its conclusion that the trial court did not abuse its discretion in denying Petitioner's requests for continuances was reasonable.  [Doc. No. 19 at 15.]  In his objections, Petitioner discusses events that are the subject of another civil rights lawsuit regarding his incarceration at the George Bailey Detention Center and which allegedly occurred after October 14, 2014 – more than two years after his conviction. [Doc. No. 20 at 6-7.]  These allegations are irrelevant to whether Petitioner's due process rights were

violated at the time of trial. Accordingly, the Court adopts the Report and denies the petition as to Claims Two and Three.

### C. Claim Four:  Due Process violation -- Court of Appeal assumptions

Petitioner argues that the Court of Appeal erred in agreeing with Respondent's argument on appeal that he was seeking continuances for purposes of delay, because that was not the basis for the trial court's denial of a continuance.  [Doc. No. 1 at 8.]  As correctly noted by Judge Skomal, the Court of Appeal's inclusion of the language regarding delay appears to be a reasonable inference from the circumstances of the case, but was not the basis for the Court of Appeal's opinion finding no abuse of discretion. [Doc. No. 19 at 19-21.]  In his objections, Petitioner states that he had other potential witnesses he wanted to interview but chose not to disclose them to the trial court in front of the prosecutor.  [Doc. No. 20 at 8.]  Regardless of Petitioner's motivations, this merely confirms that, given the information provided to the trial court, the denial of further continuances was reasonable.  Petitioner's other arguments regarding lack of access to the law library and access to the investigator were presented to the trial court and reasonably denied.  Accordingly, the Court adopts the Report and denies the petition as to this claim.

### D.  State law issues.

Throughout his petition and traverse, Petitioner argues that the trial court's denials of continuances violated California Penal Code §§1049 and 1050(a).  As noted by Judge Skomal, these are issues of state law and are not cognizable on federal habeas review. [Doc. No. 19 at 21 and 22.]

## CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner

must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to any of the claims raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

## CONCLUSION

In sum, Petitioner has not established that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The Court hereby: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  March 9, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge